# EXHIBIT 1

Date: _9-22-2020_   Time: _9/4 2A m_

Served: _CSC_

By: _Chi B_

Einzinger Attorney Services   435-227-5085

Brad H. Bearnson (#3633)
Wayne K. Caldwell (#9466)
Aaron K. Bergman (#13147)
BEARNSON & CALDWELL
399 North Main, Suite 270
Logan, Utah 84321
Telephone: (435)752-6300
Facsimile: (435)752-6301
Email: bbearnson@bearnsonlaw.com
Email: wcaldwell@bearnsonlaw.com
Email: abergman@bearnsonlaw.com
*Please cc: pi.paralegal2@bearnsonlaw.com*
*Attorneys for Plaintiff*

---

## IN THE FIRST JUDICIAL DISTRICT COURT
## COUNTY OF CACHE, STATE OF UTAH

| | |
|---|---|
| JEANINE NIELSEN, | **SUMMONS** |
| Plaintiff, | **(HOME DEPOT U.S.A., INC.)** |
| v. | |
| HOME DEPOT U.S.A., Inc., a foreign corporation, d.b.a. THE HOME DEPOT, and DOES I-X, | |
| Defendants. | Case No.: 200100267<br>Judge: Brian Cannell |

THE STATE OF UTAH TO THE ABOVE-NAMED DEFENDANT:

**HOME DEPOT U.S.A., INC., c/o**

**Corporation Service Company**
**15 West Temple, Suite 600**
**Salt Lake City, UT 84101**

**A lawsuit has been filed against you.**

You are hereby summoned and required to file an Answer in writing to the attached Complaint and Jury Demand with the Clerk of the above-entitled First Judicial District Court, whose address is 135 N 100 W, Logan, UT 84321, and to serve upon or mail to Aaron K. Bergman, BEARNSON & CALDWELL, LLC, Plaintiff's attorney, 399 North Main Street, Suite 270, Logan, Utah, 84321, a copy of said Answer, **within 21 (twenty-one) days after service of this Summons upon you**.

If you fail to do so, judgment will be taken against you for the relief demanded in said Complaint, which has been filed with the Clerk of the said Court and a copy of which is attached and herewith served upon you.

DATED this 21<u>st</u> day of September, 2020.

BEARNSON & CALDWELL

/s/ Aaron K. Bergman
Aaron K. Bergman
*Attorney for Plaintiff*

Brad H. Bearnson (#3633)
Wayne K. Caldwell (#9466)
Aaron K. Bergman (#13147)
BEARNSON & CALDWELL
399 North Main, Suite 270
Logan, Utah 84321
Telephone: (435)752-6300
Facsimile: (435)752-6301
Email: bbearnson@bearnsonlaw.com
Email: wcaldwell@bearnsonlaw.com
Email: abergman@bearnsonlaw.com
*Please cc: pi.paralegal2@bearnsonlaw.com*
*Attorneys for Plaintiff*

---

IN THE FIRST JUDICIAL DISTRICT COURT
COUNTY OF CACHE, STATE OF UTAH

---

| | |
|---|---|
| JEANINE NIELSEN, | **COMPLAINT AND JURY DEMAND** |
| Plaintiff, | |
| v. | |
| HOME DEPOT U.S.A., Inc., a foreign corporation, d.b.a. THE HOME DEPOT, and DOES I-X, | Case No.: _____ <br> Judge: _____ |
| Defendants. | |

Plaintiff, JEANINE NIELSEN, an individual, by and through counsel of record Aaron K.

Bergman and the law firm of BEARNSON & CALDWELL, LLC, hereby complain against

Defendant HOME DEPOT U.S.A., INC., d.b.a. THE HOME DEPOT a foreign corporation.

## NATURE OF THE ACTION

1.      This is a civil action for damages resulting from Defendant's negligence in suspending very sharp, unsecured construction products from its display shelf, resulting in Plaintiff's injuries.

## PARTIES

2.      Plaintiff Jeanine Nielsen is an individual residing in Cache County, Utah.

3.      Defendant HOME DEPOT U.S.A., INC. is a foreign corporation chartered in the State of Georgia, and registered to conduct business in and throughout the State of Utah. Defendant conducts business under the assumed name of "The Home Depot."

4.      Defendant touts itself as the largest home improvement retailer, with "more than 2,200 stores across North America." Defendant also touts to operate under a reverse hierarchy business philosophy, placing the CEO is at the bottom and the customers at the top.[1]

5.      Defendant's business model is to attract layman "do-it-yourselfers"[2] and touts over 35,000 products in-store, with over 1,000,000 products online, as well as 400,000 "Associates" to help the do-it-yourselfer, or 'DIY Customer', to get the home improvement job done themselves.[3] Defendant incorporates its above business model into its logo "More saving. More doing.", which Defendant displays on TV, Radio, by way of U.S. mail, through magazine inserts, newspapers, and the internet:

---

[1] See https://corporate.homedepot.com/about (accessed July 14, 2020)
[2] Id. at fn. 1 (*supra*).
[3] Id. at fn. 1 (*supra*).



6.      Mrs. Jeanine Nielsen is one of Defendant's quintessential target customers, a 'DIY Customer,' who homesteads her own small farm comprising 2 steers, 3 pigs, 5 chickens, and a quarter-acre sized garden.

7.      On August 17, 2019, Plaintiff entered her local Home Depot store, located in Logan, Utah, unaware of the peril that would transpire and surely change her life forever.

### JURISDICTION AND VENUE

8.      Jurisdiction is properly laid in this Court in accordance with the provisions of the Utah constitution, article VIII, § 5, and Utah Code Ann. § 78A-5-102(1).

9.      Venue in this Court is proper in accordance with Utah Code Ann. § 78B-3-307.

### GENERAL ALLEGATIONS

10.     Plaintiff realleges and incorporates by reference all of the above stated paragraphs as if set forth again fully herein.

11.     On or about August 17, 2019, Mrs. Nielsen entered Home Depot. She came to purchase tin screws, as well as a roll of metal flashing for a project to be completed on her small homestead farm.

12.     Mrs. Nielsen walked to isle 27, and located the section of shelving which housed metal flashing. Mrs. Nielsen does not have experience displaying or selling metal flashing.

13.     Suspended at or about forty-two (42) inches above the ground, the long pieces of metal flashing was retained only by a small cord. Nor was there any warnings or instructions for customers, nor any devices to prohibit customers from accessing the metal flashing:



14.     The edges of the flashing are extremely sharp, and Mrs. Nielsen with care withdrew one of the pieces of flashing from the shelf. The metal flashing, however, did not match the size that Mrs. Nielsen needed. Mrs. Nielsen began to put the metal flashing back, but as she did so, another piece of flashing, some two (2) feet to Mrs. Nielsen's right, slid off the shelf at an angle, falling onto her foot.

15.     Mrs. Nielsen felt a sharp, searing pain and looked down to discover a great deal of blood coming from her foot / ankle area. Mrs. Nielsen hobbled with her hands and one leg, screaming for help. Store patrons came to her aid, followed by the store manager.

16.     Mrs. Nielsen suffered a large, tendon severing laceration, just above her right foot; which required a tunicate to stop the severe bleeding:



17.     Mrs. Nielsen promptly received surgery to address the severed tendons, followed

by six (6) full weeks of no-weight-bearing restrictions. During this time, Mrs. Nielsen's mobility

was greatly limited, as she used a small scoot-scooter to ambulate.

18.     As Mrs. Nielsen came to grips with her limitations, she became anxious and

stressed. Such emotions were unlike anything she had experienced before. Mrs. Nielsen began

having repeated night-terrors, wherein she would relive the horrific experience at Defendant's

store, making it nigh impossible for Mrs. Nielsen to sleep. Unable to sleep, emotionally

exhausted, and physically limited, Mrs. Nielsen sought counseling for the anxiety, stress, and

repeated night-terrors.

19.     Mrs. Nielsen is now permanently disabled as a result of the injuries she sustained

at Defendant's store. She cannot stand or walk for periods of time greater than 30-60 minutes,

and is compelled to be in the 'sedentary work' category for employment purposes.

20.     Mrs. Nielsen can no longer be active in working on home projects, or help out on

the homestead as she once did. Plaintiff cannot descend steep stairs except one-at-a-time, such as

those stairs she uses to reach her basement. She cannot step out of a trailer, and land on her right

foot as the injury prevents Plaintiff from supporting herself. Similarly, getting down, getting up,

welding a hog panel to a fence; indeed, doing all of those things which Mrs. Nielsen used to do and love to do as a homesteader have now proven painful, a practice of pain endurance.

21.     Plaintiff still experiences pain from the injury, even on a daily basis. At times, the pain comes in the form of sharp waves. At other times, the pain feels like a sludge-hammer smashing her foot. It is excruciating pain, and comes without warning.

## FIRST CLAIM FOR RELIEF – NEGLIGENCE

22.     Plaintiffs reallege and incorporate by reference all of the above stated paragraphs as if set forth again fully herein.

23.     Defendant invited Mrs. Nielsen to its store.

24.     Defendant is an experienced retail display seller.

25.     Defendant knew or should have known that the metal flashing it was displaying for sale is a sharp product. Defendant also knew or should have known that by suspending a sharp product above the ground for customer access and display, such would present a serious and foreseeable physical hazard to customers, absent adequate warnings, prohibitions, precautions, and safety inspections.

26.     Wherefore, Defendant owed Mrs. Nielsen a duty to implement adequate warnings, prohibitions, precautions, and safety inspections that would protect Mrs. Nielsen from the danger of Defendant's metal-flashing display.

27.     Defendant breached its duties.  Defendant did not prohibit customer-access to the sharp product, but instead, encouraged uninhibited customer-access to the sharp product. Defendant did not secure the sharp product in a manner to keep the sharp product safe from falling onto customers below. Defendant did not conduct regular or adequately regular safety

inspections of the sharp product. Defendant did not provide any coverings over the sharp edges of the sharp product.  Defendant did not warn Mrs. Nielsen of the danger posed by the suspended sharp product. Defendant did not instruct Mrs. Nielsen to wear shoes, work boots, or other clothing articles that would reasonably protect her from falling sharp objects, nor does Defendant implement such a policy amongst customers.

28.     Rather than comply with its duties, Defendant provided inexperienced customers uninhibited access to a sharp product, suspended high above the ground and stacked loosely and disheveled on Defendant's display shelf. Defendant's lack of protective measures was entirely improper and unsafe for a product akin to a 2" blade that, upon falling, was easily capable of cutting through skin, tissue, muscle and tendon.

29.     As a result of Defendant breaching its duties, Mrs. Nielsen was injured, incurring special damages, general damages, and any other relief that the Court deems appropriate to present to the Jury.

30.     Plaintiff reserves the right to establish her claims by way of various evidentiary doctrines, including, but not limited to, *res ipsa loquitur*, *respondeat superior*, *negligence per se*, and/or the *abnormally dangerous activity* doctrine.

## JURY DEMAND

31.     Plaintiffs demand a trial by jury on all issues to triable.

## TIER DESIGNATION

32.     Due to the amount in controversy, this case is filed and designated as Tier 3.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A.  Judgment against Defendant for special damages, general damages, lost earning capacity, lost enjoyment, and lost use of an essential bodily extremity;

B.  Prejudgment and post-judgment interest;

C.  Costs and reasonable attorney's fees; and

D.  For such other and further relief as the Court deems appropriate.

DATED this 14th day of September, 2020.

BEARNSON & CALDWELL, LLC


/s/ Aaron K. Bergman
Aaron K. Bergman
*Attorney for Plaintiff*

# Return of Electronic Notification

| Recipients |
| --- |
| **Aaron Bergman**  - Notification received on 2020-09-14 16:22:49.943. |

## ****** IMPORTANT NOTICE - READ THIS INFORMATION *****
## NOTICE OF ELECTRONIC FILING [NEF]

–

**A filing has been submitted to the court RE:**   200100267

**Case Title:**   NIELSEN, JEANINE vs. HOME DEPOT USA INC

**Judge:**   BRIAN CANNELL

**Commissioner:**

**Official File Stamp:**   09-14-2020 16:11:27

**Court:**   FIRST DISTRICT - CACHE

District

Logan

**Document(s) Submitted:**   Complaint

**Filed by or in behalf of:**   Aaron Bergman

This notice was automatically generated by the courts auto-notification system.

–

**The following people were served electronically:**

AARON BERGMAN for JEANINE NIELSEN

**The following people have not been served electronically by the Court. Therefore, if service is required, they must be served by traditional means:**

HOME DEPOT USA INC